

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas State Highway Department
Austin, Texas

Dear Mr. Greer:                    Opinion No. O-5748

Re: Construction of Senate Bill
No. 266, 48th Legislature, with
respect to the payment of certain
space rentals for the Highway De-
partment for the month of Septem-
ber, 1943.

Your request for an opinion from this Department
is as follows:

"Senate Bill 266 passed at the regular session
of the Forty-eighth Legislature provides for the procedure
to be followed in renting or leasing office space to be
used by the various State Departments. At the time there
were a number of active leases for office space to be used
by the State Highway Department. Your Opinion No. O-5427,
dated July 31, 1943, set forth certain principles and pro-
cedures to be followed in operating under Senate Bill 266.

"In complying with the provisions of S. B. 266
and your Opinion O-5427, certain delays were encountered
in securing the necessary data, filing requisitions with
the State Board of Control, advertising for bids, etc.,
that contracts were not executed in all cases for the
lease of the necessary office space by September 1, 1943.
We wish to submit the following as one example:

"The State Highway Department had leased
during the fiscal year ending August 31, 1943,
space in the Brueggehoff Building on the cor-
ner of Tenth Street and Congress Avenue, Austin,
Texas, from Mr. Foe Lawrence, agent for Mrs.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED

Ella N. Wooten. This space was occupied
by a portion of the Certificate of Title
Division of the State Highway Department,
and the rent paid was $50.00 per month.
Housed in this space were five employees,
their office equipment and office machines,
approximately 1,500,000 Certificate of
Title records, several thousand dollars
worth of supplies for the Dexigraph Equip-
ment and Dexigraph Machines that were leased
from the Remington-Rand Company at a cost
of $132.50 per month. The space occupied
required special wiring and plumbing,
which had been prepared at the cost of Mr.
Lawrence, acting for Mrs. Wooten, in order
that the Dexigraph Equipment could be oper-
ated; and the State Highway Department had
constructed special shelving along all the
walls for housing the Certificate of Title
records and supplies.

*Complying with S. B. 268 the Highway
Department submitted a requisition to the
State Board of Control for rental of office
space to be used by the Certificate of Title
Division to house the above State property,
machines, records, etc., for the period
September 1, 1943 to August 31, 1945. How-
ever, due to the large volume of requisi-
tions, advertisement for bids, etc., at that
time, the bids on this particular requisi-
tion were not opened until September 24,
1943, and the rental contract was prepared
and dated as of September 24, 1943, but fails
to provide for payment of any rental between
September 1, 1943, and September 24, 1943,
although the space was occupied by the High-
way Department during this period. We real-
ize that S. B. 268 does not provide for emer-
gency rental in any case, but it is our
thought that the State Highway Commission and
the State Board of Control are required to
protect State property and inasmuch as no
space was available for moving the above
State property, records, etc., and to move
such records, etc., would have placed a heavy

Honorable D. C. Greer - page 3

burden of expense if space were available
and returning in case Mr. Lawrence were
the successful bidder, we feel that it was
proper to continue the occupancy of the
space and that rental should be paid for
the emergency occupancy between September
1, 1943 and September 24, 1943.

"We have submitted the above data in detail
in order that you may have all the facts before you,
and wish to present for your earliest consideration
the following question:

"May the State Highway Department
occupy the above space in the Brueggehoff
Building for the period September 1, 1943
to September 24, 1943, in order that the
State's records, equipment, machines, and
supplies be properly sheltered and pro-
tected, and rental be paid for such emer-
gency occupancy to the owner?"

Your question in essence is, whether or not
the owner of the space in the Brueggehoff building may
be paid rental therefor, where the Department occupied
such space after the termination of an existing lease
without having complied with the provisions of Senate
Bill No. 266. As thus interpreted, your inquiry should
be answered in the negative.

Senate Bill 266, insofar as pertinent, is as
follows:

"Section 1. Hereafter all departments
and agencies of the State Government, when
rental space is needed for carrying on the
essential functions of such agencies or de-
partments of the State Government, shall
submit to the State Board of Control a re-
quest therefor, giving the type, kind, and
size of building needed, together with any
other necessary description, and stating
the purpose for which it will be used and
the need therefor.

Honorable D. C. Greer - page 4

"Sec. 2. The State Board of Control, upon receipt of such request, and if the money has been made available to pay the rental thereon, and if, in the discretion of the Board such space is needed, shall forthwith advertise in a newspaper, which has been regularly published and circulated in the city, or town, where such rental space is sought, for bids on such rental space, for the uses indicated and for a period of not to exceed two years. After such bids have been received by the State Board of Control at its principal office in Austin, Texas, and publicly opened, the award for such rental contract will be made to the lowest and best bidder, and upon such other terms as may be agreed upon. The terms of the contract, together with the notice of the award of the State Board of Control will be submitted to the Attorney General of Texas, who will cause to be prepared and executed in accordance with the terms of the agreement, such contract in quadruplicate; one of which will be kept by each party thereto, one by the State Board of Control, and one by the Attorney General of Texas. The parties to such contract will be the department or agency of the government using the space as lessee and the party renting the space as lessor.

"Sec. 3. Within thirty days after the effective date of this Act, all departments and agencies of the State Government at this time leasing or renting space from any person, firm, or corporation whomsoever, will cause to be prepared and delivered to the State Board of Control in Austin, Texas, a copy of any written rental or lease agreement now in force and current, or any statement of any oral understanding upon which any lease or rental public funds are being expended, if such action has not already been taken."

The bill became effective May 7, 1943.

You state that the Department's rental contract for the space occupied in the Brueggehoff building was for the fiscal year, which ended August 31, 1943, so that no question is presented as to the right of payment to the owner, where the contract entered into before the effective date of Senate Bill 266 covered the period of time in controversy -- as applied to this case the month of September, 1943. That right, of course, would exist.

The occupancy of the space by the Department was a holding over after the termination of the lease under which it originally entered into possession.

In Opinion No. O-5427, addressed to Honorable Geo. H. Sheppard, Comptroller of Public Accounts, we advised:

> "Any new lease or rental contract entered into after passage of Senate Bill No. 266 must be executed in the manner prescribed by Sections 1 and 2 of the Act. The Legislature having provided a mode for the securing of rental space, the agencies and departments affected are restricted to that mode and must conform to these requirements. Ferguson v. Halsell, 47 Tex. 421. This being the only method whereby State departments and agencies may secure rental space, the State would not be bound by any contract not entered into in strict conformance with the provisions of Sections 1 and 2 of the Act. State v. Perlstein (Civ. App. Austin, 1935) 79 S. W. (2d) 143, error dismissed; Nichols v. State, 11 Civ. App. 327, 32 S. W. 452."

Your Department not being authorized to make a contract for rental space after August 31, 1943, other than in the manner provided by Senate Bill 266, there was no existing contract for the month of September.

It is well settled that no liability can be created against the State except when it is incurred

Honorable D. C. Greer - page 6

under some pre-existing law. (See Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S. W. (2) 660). Upon September 1, 1943, there was no pre-existing law, other than Senate Bill No. 286, by which such liability for rental space for State agencies and departments could be incurred.

In Opinion No. O-5650, addressed to Honorable John D. Reed, Commissioner, Bureau of Labor Statistics, we decided the precise question presented by you. That Department had a contract on a monthly basis at a rate of $125.00 per month, which arrangement was by holding possession continued until September 30, 1943.

On September 22, 1943, the Department requested the Board of Control to secure space according to the provisions of Senate Bill 286, which the Board did, (the same space) but the bid and contract thereon did not include the month of September, during which the departmental division continued to occupy the quarters. We advised the Commissioner that no bill for rental for September, 1943, should be approved or paid.

We believe that our opinions referred to are correct, being based upon sound principles of law, and we adhere to them.

The statutory period -- May 7 to September 1 -- was ample in the opinion of the Legislature, and we have no power to review its decision. To do so would be to legislate -- not interpret or construe. The bill passed with an emergency clause, obviously to give time for such contracts to be made before the forthcoming biennium.

Very truly yours

ATTORNEY GENERAL OF TEXAS

by

Ocie Speer
Assistant

OS-MR

APPROVED DEC 22, 1943